8   141
22  169
29* 441

W. O. KENDALL, APPELLANT, *v.* WALLACE POST, RE-
SPONDENT.

8   141
25  468
25  486
25  489
36* 529
36* 530
36* 532

ROAD SUPERVISOR—SOLE JUDGE OF NECESSITY FOR TAKING MATERIALS.—
In repairing a public road, the supervisor of roads has authority to enter upon any lands adjoining or near the public road, whether the same be inclosed or not, in order to obtain stone with which to repair the road; and the supervisor alone is to be the judge whether it is necessary to use stone or not in order to make the repairs.

IDEM—COURT OF EQUITY WILL NOT INTERFERE.—So long as the supervisor does no act to willfully oppress or annoy the owner of the premises where the stone or other materials are procured to repair the public roads, a court of equity will not interfere to restrain him in the discharge of his official duties as supervisor.

IDEM—DAMAGES—COUNTY COURT MUST ASSESS.—If the owner of lands from which stone or other materials are taken to repair the public roads feels aggrieved by the acts of the supervisor, he must apply for redress to the county court, while transacting county business, to assess and determine the damages sustained by him.

DAMAGES ASSESSED WITHOUT JURY.—Section 29 of chapter 50 of the miscellaneous laws, which provides for the assessment of damages for taking stone or other materials to repair the public roads, is not unconstitutional because it authorizes the county court to assess the damages without a trial by jury.

APPEAL from Benton County. The facts are stated in the opinion.

*F. A. Chenoweth,* for appellant:

Private property cannot be taken for public uses without

compensation. (1 Abb. Dig. 639, sec. 2.) Where the statute fails to provide for the assessment of damages, the act is void. (24 Cal. 432; 19 Barb. 118.) Where private property is taken without the consent of the owner, the statute must be strictly pursued. (Id. 431.) There is no authority of law for entering a man's inclosure. (Cooley on Constitutional Law, 530; 27 Barb. 207.) At the passage of the road law, 1860, most of the land in Oregon was uninclosed.

There is no right of trial by jury before the county court, nor right of appeal. (Misc. Laws, 729; 15 Barb. 255; 1 Abb. Dig. 640, sec. 6; 12 Am. R. 147, 585, 692; 2 Id. 59–64; 12 Id. 147.) The county is not competent to try its own case. Where there is no necessity to take private property, there is no right. (43 Conn. 234; 21 Am. R. 643.) A court of equity has jurisdiction to enjoin a man from disfiguring a cemetery. (21 Am. R. 647, note.) A ministerial officer is liable for acts done without authority of law, or going beyond authority of law. (Cooley's Const. Lim. 560, and note; 19 Am. R. 718; *Monroe* v. *Pardee*, 64 Barb. 353.) A court of equity has jurisdiction, because a court of law is not adequate to restrain.

*John Burnett and W. S. McFadden*, for respondent:

The respondent, as road supervisor, had a legal right to enter on the premises in question and take gravel or dirt therefrom to build or repair the county road. (Misc. Laws, 728, sec. 28.) The statute provides the manner of compensating persons damaged by the acts of the supervisor in taking materials from adjoining land to repair a road. (Id. 729, sec. 29.) Until the claim was presented to the county court, as provided by statute, the appellant would have no cause of action or suit. (18 Cal. 144; 28 Id. 662.) The mode of compensation being fixed by statute, the appellant must follow that course. (Cooley's Const. Lim. 700.) It is competent for the legislature to make the supervisor the sole judge of the necessity for the taking of materials to repair the highway. (Id. 672, 673, and notes.) Public agents who

keep within the statute are not liable to a common law action of trespass. (Id. 705; 1 Parsons on Contracts, 96.)

No action lies against a road supervisor who acts for the public, unless given by statute. (8 U. S. Dig. 386, sec. 8; 5 Neb. 385; 66 N. Y. 62.) A road supervisor is the agent of the county, and is liable to a fine for a failure to perform his duties in repairing the county roads in his district, and the county is liable to persons injured by the road being out of repair. (Misc. Laws, 730, sec. 35; 3 Or. 424.) When the right of a party is doubtful, the court will not grant an injunction. (Willard's Eq. 382; 3 Paige Ch. 213; 2 Barb. Ch. 101; 3 Johns. Ch. 282; High on Injunction, 7, sec. 8.)

By the Court, KELLY, C. J.:

The appellant in his complaint sets forth that he is the owner of a certain tract of land in Benton county, and that the respondent was and is the supervisor of roads, and as such supervisor was engaged with a number of men in working on the county road in the vicinity of the said premises; that while so engaged he entered upon the lands of appellant, pulled down the fences, quarried rock and stones and hauled them away to repair the highway; that the quarry from which the rock and stone were taken was within an inclosure in which the appellant had a garden, orchard, meadow, and growing grain which were turned out to the commons by opening the fences; that the teams and men engaged in hauling away the rock and stone have trodden down his grass, and that the quarrying and carrying away the stone and rock has greatly disfigured his premises and will materially lessen their value; that the place where the stone was dug is near a family burial place and upon grounds which have been prepared and kept neat for many years, and that money would not compensate the appellant for disfiguring the premises as respondent proposes to do. The complaint further states that the said grounds are one fourth of a mile from the county road upon which the stone and rock are placed, and that the same kind of rock can be had without entering any inclosure, by going one half a

mile farther; that there is good material more convenient to said road and suitable to repair the same outside of his inclosure, and that respondent was not compelled for want of suitable materials to enter his inclosure to obtain the materials to replace the road. He further alleges that respondent threatens to haul five hundred wagon loads of stone more from said premises and will do so unless restrained. The appellant then alleges that he has sustained damage in the sum of five hundred dollars in the destruction of his grass, exposure of his garden and orchard, etc., and prays for a decree awarding him that sum and for an injunction to restrain the respondent from trespassing on his premises and removing stone and rock from the same. The respondent demurred to the complaint and the court sustained the demurrer and dismissed the complaint.

The law imposes a duty upon the supervisor of roads to open and keep in good repair all public roads in his road district and in order to do so he is authorized, among other things, "to enter upon any lands adjoining or near the public road and gather, dig, and carry away any stone, gravel, or sand * * * necessary for making and repairing any public road." Upon the supervisor devolves the duty of determining how a public road is to be repaired and what materials are to be used for that purpose. If, in his judgment, stone or gravel are better materials than clay, he can go upon any lands adjoining· or near the public road, whether inclosed or not, and dig and carry away the stone or gravel required for the purpose of making the repairs. And it is not necessary for him to wait until he can procure the consent of the owner or the judgment of a court assessing the damages to be paid for appropriating the materials necessary for the public use. Every owner of the land holds it subject to be taken for the public use whenever it is necessarily required for that purpose and to be appropriated in such a manner as the constitution and law provide.

It is alleged in the complaint that stone of the same kind could be procured by the supervisor without entering an inclosure, by going a half mile farther for it. We think it is the duty of that officer as well as all others to procure

whatever materials he may require for the use of the public with as little expense to the tax-payers as possible, and in our opinion he would not have been justified in going to the needless expense of hauling the stone half a mile farther than he did.    Another allegation in the complaint is that a family buriel ground is near where the rock was quarried, but how near is not stated.    There is no charge, however, that the respondent has injured it or that he threatened to injure it, or in any way disturb the repose of the dead.    The appellant, moreover, alleges that he has for years kept the grounds inclosed and in a neat condition and that the acts of the respondent have despoiled them of their beauty.    It may be unfortunate for the appellant that this is so, and that the highway passes so near his premises.    But in this utilitarian and progressive age, the beautiful must often give way to that which is useful, when it is for the public good.

The highways must be kept in repair to accommodate the travel upon them, and it so happens in this case that the appellant's land is the nearest and most convenient where suitable materials for that purpose can be had.    It is true the appellant alleges in his complaint that good materials and suitable for repairing the road can be had outside of the inclosure.    But he is not to be the judge of what is suitable.    That is for the supervisor, and for him alone.    It does not appear from the allegations in the complaint that the respondent in the exercise of his official duties was doing any act to oppress or wantonly annoy the appellant by entering his inclosure and taking away materials to repair the public road, and where that is the case the court ought not to interfere and restrain him from discharging those duties which the law has imposed upon him.

Section 29, chapter 50, of miscellaneous laws, provides, that "if any person shall feel aggrieved by the act of any supervisor cutting or carrying away timber or stone as aforesaid, he may make complaint thereof in writing, to the county court, at any regular meeting within six months after the cause of such complaint shall exist, and such court shall proceed to assess and determine the damages, if any, sustained by the complainant, and cause the same to be paid

out of the county treasury. The appellant contends that this section of the road law is unconstitutional and void, because it provides for the assessment of damages without a trial by jury, and to sustain this view, we are referred to article 1, section 17, of the constitution, which declares that "in all civil cases the right of trial by jury shall remain inviolate."

This constitutional provision does not apply to cases of taking private property for public use, but to actions in courts of justice. It was intended as a safeguard in the trial of those cases for which it is stipulated that the courts shall remain open, and wherein the parties to the suit shall have a trial by due course of law. In 2 Dillon on Mun. Corp. (sec. 483), the law on this subject is thus stated by the distinguished author: "The determination of the question, ' What is the *value of property* taken, or what is the *amount of damages* sustained by the taking ? ' is undeniably judicial in its nature and peculiarly adapted for decision of a jury under the direction of the court. Yet it has been held that the ordinary provision as to the right of trial by jury, in civil cases, has no relation to original assessments in such cases, and that in the absence of special provision in the organic law, giving the right to have a jury assess the damages, it is competent for the legislature to provide for assessments by any other just mode, and to conclude the owner, as to the amount, without giving him the right to be heard before a jury." The authorities referred to by Judge Dillon, in support of his position, show that this question has been long since settled beyond any doubt or controversy. (*Livingston* v. *Mayer,* 8 Wend. 85; *Beekman* v. *Railroad, etc.,* 3 Paige, 75; *Railroad Co.* v. *Heath,* 9 Ind. 558; *Heynemon* v. *Blake,* 19 Cal. 519; *Brazos R. R. Co.* v. *Ferris,* 26 Tex. 588.)

If the appellant felt aggrieved by the acts of the supervisor, he should have applied to the county court, composed of the county judge and the county commissioners, while transacting the county business. That is the only tribunal which has authority to assess and determine the damages to which he was entitled for the acts of the respondent.

The decree of the court below is affirmed.