[Argued February 20; decided April 17, 1894.]

### BRANSON *v.* GEE.

[S. C. 24 L. R. A. 355; 36 Pac. 527.]

EMINENT DOMAIN—TAKING ROAD MATERIAL—DUE PROCESS OF LAW*—
CODE, §§ 4092, 4093.—Section 4092, Hill's Code, authorizing road super-
visors to summarily take materials needed for the public roads, and
section 4093, providing that a party aggrieved in such cases may apply
to the county court and have his damages assessed, are not unconstitu-
tional as taking property without due process of law; for under section
18 of article I. of the state constitution, compensation need not be made
before taking property for the use of the commonwealth, and the pro-
visions of section 4093 afford abundant opportunity for a hearing on
the question of damages. In such cases the county court, composed
of the supervisors and the county judge, acts judicially, and must be
deemed an impartial tribunal. *Kendall* v. *Post*, 8 Or. 144, approved and
followed.

APPEAL from Yamhill: GEO. H. BURNETT, Judge.

This is an action by Eli T. Branson against Henry
Gee, to recover damages, alleged to have been caused by
the defendant's entering upon the plaintiff's lands de-
scribed in the complaint, digging and taking gravel there-
from, and leaving the fences open, so that cattle entered
upon and destroyed his pasture. The defendant, after

---

*NOTE.— In respect to due process of law in taking property of indi-
viduals for public use, see also *Scott* v. *City of Toledo*, 1 L. R. A. 688. As to
notice and an opportunity to be heard in proceedings to take or burden
property, see *Re Bonds of Madera Irrigation District*, 92 Cal. 296, 14 L. R. A.
755, 27 Am. St. Rep. 106; *Paulson* v. *City of Portland*, 16 Or. 450, 1 L. R. A.
673; *State* v. *Stewart*, 74 Wis. 620, 6 L. R. A. 394; *Speer* v. *Mayor of Athens*,
85 Ga. 49, 9 L. R. A. 402; *Ulman* v. *Mayor of Baltimore*, 72 Md. 587, 11 L. R.
A. 224.— REPORTER.

denying the allegations of the complaint, set up as a separate defense thereto that Yamhill County was and is a duly organized county of the state of Oregon; that during all the time mentioned in the complaint the defendant was the duly appointed, qualified, and acting supervisor of the road district in which plaintiff's lands are situated, and that two legally established county roads ran over and upon said lands; that the laying down of the fences as alleged was for the purpose of obtaining access to a bed of gravel situated on such lands; that the gravel therein was necessary to repair said county roads, and that such entry was for the purpose of securing it to be used thereon; that the gravel alleged to have been dug and hauled away was so used; that the laying down of the fences and the digging and carrying away the said gravel was done in a prudent and careful manner, without unnecessary damage, and that Yamhill County is liable for such damage as the plaintiff may have sustained thereby, and not the defendant. To defendant's separate defense the plaintiff demurred, alleging that it did not state facts sufficient to constitute a defense to the action. The demurrer being overruled by the court, the plaintiff refused to plead further, whereupon the court rendered a judgment dismissing the action and awarding the defendant costs and disbursements, from which judgment the plaintiff has brought this appeal.

AFFIRMED.

*Mr. John J. Spencer,* for Appellant.

It is too well established to admit of controversy that there can be no judicial determination without notice to the parties whose rights are to be determined; for without notice there can be no jurisdiction and no due process of law: Elliott on Roads and Streets, 150–152,

*Bertholf* v. *O'Reilly*, 74 N. Y. 519; *Stewart* v. *Palmer*, 74 N. Y. 183, 30 Am. Rep. 289.

There is much reason embodied in the argument in many of the decisions that the landowner is entitled to impartial triers, and of necessity is entitled to an opportunity to ascertain whether they are impartial. If there is a right of appeal to a court of general jurisdiction, then there is an opportunity for an impartial hearing under the general rules of law, and no substantial injustice is done; but if there is no such right, then it is a violation of sound principle to compel a party to be bound without an opportunity to discover whether the tribunal is or is not impartial. It is difficult to conceive how there can be due process of law where no opportunity is afforded the property owner to inquire into the fitness or qualifications of those who are to decide upon his property rights, and it seems to us it is not within the power of the legislature to take from the citizen any essential element of the great right included in the constitutional provision securing to the citizen due process of law: Elliott on Roads and Streets, 241; Cooley on Constitutional Limitations, 695; *Langford* v. *Ramsey Co.* 16 Minn. 380. If these authorities are to be relied upon, if the reasoning in them is to be accepted, then it follows that in cases like this the question of compensation must be submitted to a tribunal clothed with judicial power; that the person whose property has been taken must have notice of the pendency of the proceedings, and that he must at some time before final determination have a right to question the partiality of the tribunal. As the statute providing for the taking of stone and gravel from the citizen for use upon the public roads makes no provision for notice to the owner of the private property so taken, and makes no provision for ascertaining the impartiality of the triers, it must be so invalid as to constitute no defense to an action like this.

The case of *Kendall* v. *Post*, 8 Or. 141, is not decisive of the present controversy, for the questions now raised were not decided in that case. It is also worthy of note that the cases cited by Judge KELLY in that decision were all made before the adoption of the fourteenth amendment to the constitution of the United States requiring due process of law to be observed when private property is taken for public use.

*Messrs. Irvine & Coshow*, for Respondent.

Opinion by MR. CHIEF JUSTICE LORD.

Our statute makes it the duty of supervisors to keep the roads in their districts open and in good repair, and to enable them to do so they are authorized by section 4092, Hill's Code, "to enter upon any lands adjoining or near the public road, and gather, dig, and carry away any stone, gravel, or sand   *   *   *   necessary for the making and repair of any public road in their district" and section 4093 provides that "if any person shall feel aggrieved by the act of any supervisor cutting or carrying away timber or stone as aforesaid, he may make complaint thereof in writing to the county court at any regular meeting within six months after the cause of such complaint shall exist, and such court shall proceed to assess and determine the damages, if any, sustained by the complainant, and cause the same to be paid out of the county treasury." The plaintiff contends that these provisions of the road law are unconstitutional and void, because (1) they do not provide for giving notice to the owner whose property is taken, nor (2) for his participation in the selection or formation of the tribunal upon which is devolved the duty of assessing his damages. Lands for highways, as well as timber, stone, and gravel with which to make, improve, or repair them, are taken

by right of eminent domain: Cooley, Constitutional Limitations, 657. By the constitution of this state it is provided that private property shall not be taken for public use without just compensation, and, except in case of the state, without such compensation first assessed and tendered: Article I., section 18, Constitution of Oregon. Under this provision the private property of the citizen cannot be taken against his will for any purpose other than a public use, nor, except in case of the state, without just compensation first assessed and tendered. With the state it is not a condition precedent that the compensation should precede or be concurrent with the taking of private property for public use. It may appropriate such property without compensation being first assessed and tendered, but it must make provision by which the party whose property has been seized can obtain just compensation for it. Nor is this all; when the public exigencies demand the taking of private property for public use, it must be done by due process of law. The constitution of the United States provides that the "state shall not deprive any person of life, liberty, or property, without due process of law": Article XIV., section 1, Amendments. "Due process of law," EARLE, J., said, "is not confined to judicial proceedings, but extends to every case which may deprive a citizen of life, liberty, or property, whether the proceeding be judicial, administrative, or executive in its nature," and that, generally stated, it meant "an orderly proceeding, adapted to the nature of the case, in which the citizen has an opportunity to be heard, and to defend, enforce, and protect his rights": *Stuart* v. *Palmer*, 74 N. Y. 191, 30 Am. Rep. 289. Consistent with these principles, the property of a citizen cannot be taken by the power of eminent domain without some notice to the owner, or some opportunity being afforded him, at some stage of the proceeding, to be heard as to the compensa-

tion to be awarded him. When the public appropriates property to improve or repair a public highway, the owner is entitled to a hearing as to the compensation which he is to receive. Upon the question of compensation, Mr. Lewis says: "All the authorities agree that the owner is entitled to be heard as a matter of right, and consequently that he is entitled to such notice as will give him an opportunity to be heard": Lewis on Eminent Domain, § 366. While, therefore, the state, when taking private property for a public use, or a county by its authority, is not bound to make or tender compensation before its actual appropriation, yet, as the citizen cannot be arbitrarily deprived of his property, it must make provision by law whereby the owner can have a hearing or be heard before an impartial tribunal as to the just compensation to be awarded him.

By section 4093, Hill's Code, the state has afforded an opportunity to any person aggrieved by the act of any supervisor in entering upon his land and carrying away gravel, etc., pursuant to the provisions of section 4092, to be heard, and his grievance considered by the county court, which is clothed with ample power to determine and assess his damages, and cause the same to be paid by the county upon complaint in writing of the person so aggrieved. This provision undeniably affords an opportunity for the party aggrieved, whose property has been taken by the supervisor, to propound his claim for compensation, and the fact that this duty devolves upon him as a preliminary step is no objection to its validity or constitutionality. It not only affords a remedy to which the party aggrieved can resort to have his compensation determined and assessed, but also provides adequate means for its satisfaction or payment out of the county treasury without risk of loss. Hence it clearly appears that he has an opportunity to be heard as to the just

compensation which is to be awarded to him, and that he is not deprived of his property without due process of law.

But it is claimed that the owner of property taken for public use is entitled to participate in the selection of the tribunal to assess his damages, as otherwise he might be denied a fair and impartial trial, and thus deprived of the just compensation guaranteed him by the constitution. It is no doubt true that the compensation must be determined by an impartial tribunal, but, as Mr. Elliott says, "the character of the tribunal, and the manner in which its members are selected, is a matter· to be determined by the legislature, except where the constitution directs how the tribunal shall be selected and what its character shall be": Elliott on Roads and Streets, 214– 217. As to how the tribunal to assess the damages shall be formed, it is not necessary that the owner of the property to be affected shall be consulted. A court or judge, with or without a jury, is an impartial tribunal: Lewis, Eminent Domain, § 313. In the case at bar the county court—composed of the judge and county commissioners —is the tribunal authorized by law to determine and assess the damages, and, when engaged in the transaction of such business, exercises judicial functions, and must be regarded as an impartial tribunal. In *Kendall* v. *Post*, 8 Or. 144, it was held that a party aggrieved by the acts of a supervisor who had taken stone from his land to repair the highway, must resort for redress to the county court while transacting county business, to determine and assess his damages, and that the statute was not unconstitutional because it authorized such court to assess the damages without a trial by jury. As the state, by the *right* of eminent domain, may take from adjoining lands, gravel or other suitable material for repairing public highways, and has provided an impartial tribunal for ascertaining and paying the damages suffered thereby, it

results that the party affected must apply for redress to such tribunal and that the objections urged against the validity of the acts are not tenable.   The judgment must therefore be affirmed.                              AFFIRMED.