[Argued March 15; decided April 17, 1894.]

## CHERRY v. MATTHEWS.

[S. C. 36 Pac. 529.]

ROAD SUPERVISORS — TAKING MATERIAL — INJUNCTION — CODE, § 4092.— A road supervisor, acting in good faith, cannot be enjoined from taking soil and gravel from neighboring lands for the repair of his roads, as Hill's Code, § 4092, confides the matter to his judgment, and the owner's rights are protected by his opportunity to claim damages in the county court. *Kendall* v. *Post*, 8 Or. 144, approved and followed.

APPEAL from Lane: J. C. FULLERTON, Judge.

This is a suit by David Cherry to enjoin the defendant, Alex. Matthews, as road supervisor, from taking gravel from the lands of plaintiff for the repair of the roads adjoining or near such lands. The plaintiff alleges that he is the owner of certain lands described in the complaint, and that the defendant is the road supervisor of the road district in which they are situated, and as such was engaged in repairing a county road in the vicinity of said lands; that he threatens to tear down the fences, and enter upon plaintiff's lands, and dig and carry away large quantities of soil and gravel for the purpose of repairing such roads; and that by so doing large holes will be left on

said lands rendering them worthless, to the irreparable injury of the plaintiff, etc.  A demurrer was interposed to the complaint on the ground that the facts stated were insufficient to constitute a cause of suit.  The demurrer was overruled, and the defendant refusing to further plead, a decree was rendered for the plaintiff, from which this appeal was brought.                       REVERSED.

*Mr. Seymour W. Condon,* for Appellants.

*Mr. Joshua J. Walton,* for Respondent.

The question resolves itself into this proposition: Can the court enjoin a road supervisor from doing irreparable injury to the premises of another,—in this case to the plaintiff?  It seems to me this must be answered in the affirmative.  Otherwise a citizen would be without remedy, and entirely at the mercy of a petty officer. What is there about the office of a road supervisor that should exalt him above the law and clothe him in such unlimited and tyranical powers?  Shakespeare has said: "Man clothed with little brief authority, cuts such fantistic tricks before high Heaven as would make angels weep."  Much more a road supervisor, for he makes sinful mortals weep.  Has he the right to destroy my estate because he is a road supervisor?  Certainly not.  If that proposition is once admitted by the court, then any citizen's property can be ruined and his home absolutely destroyed by a road supervisor under the guise and pretext of repairing a county road.  The law does not contemplate such a thing, and the idea is certainly repugnant to our constitutional liberty.

Opinion by MR. CHIEF JUSTICE LORD.

The contention for the defendant is that the court below erred in overruling his demurrer for the reason that

the facts alleged disclose that he was acting as road supervisor and his threatened acts would only be the exercise of a right expressly conferred by statute. By section 4092, Hill's Code, the duty is imposed upon the supervisor of roads to keep in repair all public roads in his district, and to enable him to do so he is authorized "to enter upon any lands adjoining or near the public road and gather, dig, and carry away any stone, gravel, or sand * * * necessary for the making and repairing any public road." This provision entrusts the jurisdiction of such matter to the judgment of the supervisor; he is to decide the mode of doing such work, when a county road needs repairing, and the kind of material to be used for that purpose. As this class of cases falls within the exception contained in section 18, article I., of the constitution, the prepayment of damages for the taking is not required. "It is not necessary," Kelly, C. J., said, "for the supervisor to wait until he can procure the consent of the owner or the judgment of a court assessing the damages to be paid for appropriating the materials necessary for the public use. Every owner of land holds it subject to be taken for the public use whenever it is necessarily required for such purpose, and to be appropriated in such a manner as the constitution and law provide": *Kendall* v. *Post*, 8 Or. 144.

The facts show that the alleged threatened acts are just such as the law sanctions when a supervisor is engaged in repairing county roads. In such case he may enter upon lands in the vicinity, and dig and carry away gravel, whether damages result or not. If he cause damage which entitles the party injured to compensation, such party may apply to the county court to assess and determine the amount thereof pursuant to section 4092. A supervisor acting in good faith and within the scope of his authority ought not to be controlled by injunction.

The highways must be kept in repair to accommodate the traveling public, and this duty the statute imposes upon the supervisor. There is no allegation that the defendant as supervisor was acting or threatening to act with partiality or malice, or that he intends in the discharge of his official duties to oppress or wantonly annoy the plaintiff, and in such case KELLY, C. J., said "the court ought not to interfere and restrain him from discharging those duties which the law has imposed upon him": *Kendall* v. *Post*, 8 Or. 144. It seems to us that plaintiff has shown no equity entitling him to relief. It results that the decree must be reversed, and the bill dismissed.                                    REVERSED.