[Argued March 15; decided April 17, 1894.]

## CHERRY *v.* LANE COUNTY.

[S. C. 36 Pac. 531.]

1. CONSTITUTIONAL LAW—HIGHWAYS—TAKING MATERIAL FROM LAND.— Hill's Code, §§ 4092, 4093, authorizing road supervisors to take material for a road from land in their district, and providing for the assessment of damages thereafter by the county court, is constitutional, as the State Constitution, article I., § 18, provides that prepayment need not be made for property taken by the state for public use. *Branson* v. *Gee*, 25 Or. 462, approved and followed.

2. DAMAGES FOR PROPERTY TAKEN TO REPAIR ROADS—COUNTY COURT.— Where a road supervisor enters upon land under the statute, and takes material for a road, an action for damages will not lie against the county for trespass, the sole remedy being by application to the county court to assess the damages, and the action of such court is final. *Kendall* v. *Post*, 8 Or. 144, approved and followed.

APPEAL from Lane: J. C. FULLERTON, Judge.

This is an action by David Cherry to recover damages for injuries to his lands, alleged to have been caused by taking gravel and stone therefrom by the road super-

visor of the district for the repair of the county roads adjoining such lands. To the complaint the defendant interposed a demurrer, challenging the sufficiency of the facts to constitute a cause of action, which was sustained by the court; whereupon the plaintiff refusing to further plead, judgment was given in favor of the defendant for its costs and disbursements, to reverse which the plaintiff has brought this appeal.　　　　　　　REVERSED.

*Mr. Joshua J. Walton,* for Appellant.

*Mr. Seymour W. Condon,* for Respondent.

Opinion by MR. CHIEF JUSTICE LORD.

1. The complaint shows that A. C. Stevens was the duly appointed and qualified supervisor of the road district, etc., and that the damage to the plaintiff's lands was caused by digging and carrying away gravel and rock therefrom for the purpose of repairing a county road adjoining such lands, and that the plaintiff made a claim in writing to the county court for his damages at the regular term thereof in November, eighteen hundred and ninety-two, but that such court refused to allow him the amount of damages claimed, or any greater sum than thirty-three dollars, which the plaintiff refused to accept. The statute authorizes the supervisor to commit just such acts as constitute the plaintiff's alleged grievance. It provides that "he shall have authority * * * to enter upon any lands adjoining or near the public road and gather, dig, and carry away any stone, gravel, or sand * * * necessary for the making and repairing any public road in his district." By force of this provision the duty is devolved upon the supervisor of determining in what manner a public road is to be repaired, and the kind of material to be used for that purpose;

hence, when a public road needs repairing, the condition exists which authorizes the supervisor to take and carry away gravel and stone from the lands adjoining such road, whether any person be damaged or not. But if his acts cause damage to such lands, the injured party is entitled to redress and can obtain it by applying to the county court to assess and determine his damages pursuant to section 4093, Hill's Code. These provisions of the statute were held constitutional in *Branson* v. *Gee, ante*, p. 462, 36 Pac. 527, in that they afforded the party aggrieved an opportunity to be heard, and provided for the assessment of the damages he sustained. The fact that the statute does not require prepayment affords no objection, because cases of this character fall within the exception contained in section 18, article I., of the constitution, which section ordains that "private property shall not be taken for public use   *   *   *   without just compensation; nor, except in case of the state, without such compensation first assessed and tendered." The right to take materials for highways from the lands of private individuals is of no recent origin. It was a common-law right. Lands for highways, as well as timber, stone, and gravel with which to make, improve, or repair them, are taken by right of eminent domain:   Cooley, Constitutional Limitations, 657. Referring to the right of the supervisor, under section 4092 of Hill's Code, to take gravel or timber from lands adjoining the highway, KELLY, C. J., said: "Every owner of land holds it subject to be taken for the public use whenever it is necessarily required for that purpose, and to appropriate it in such a manner as the constitution and law provide": *Kendall* v. *Post*, 8 Or. 144. Such being the case, the entry of the supervisor upon the lands for the purpose indicated cannot be treated as a trespass for which the county is in any way liable.

2.   But it is urged that the damages awarded is not
the just compensation to which the plaintiff is entitled
for the injury to his lands.   The facts alleged show that
the plaintiff submitted his claim to the county court,
which assessed his damages at the sum already specified,
but which the plaintiff declined to accept for the reasons
stated.   The county court is the only tribunal which has
authority to assess and determine the damages to which
the plaintiff was entitled by reason of the acts of the
supervisor:   *Kendall* v. *Post*, 8 Or. 144.   On the question
of damages, the state has not given the right of appeal;
and as the court, when engaged in the transaction of
such business, exercises judicial functions or discretion,
unless it exercises such functions erroneously, its decisions
are not subject to review, and its award of damages in
such cases must be regarded as just compensation.   It
doubtless would be better if the party aggrieved was
given a right of appeal from the award, but that is a
matter for the legislature.   From these considerations it
results that the judgment must be affirmed.

AFFIRMED.