Argued September 29, affirmed October 30, 1978, reconsideration denied January 9, 1979

CALDWELL, *Appellant,*
*v.*
JACKSON COUNTY, *Respondent.*
(No. 75-665-L-2, CA 9413)
585 P2d 755

Herb Lombard, Eugene, argued the cause for appellant. With him on the brief was Sahlstrom & Lombard, Eugene.

Thomas J. Owens, Medford, argued the cause and filed the brief for respondent.

Before Schwab, Chief Judge, and Lee, Richardson and Joseph, Judges.

JOSEPH, J.

## JOSEPH, J.

Plaintiff brought this action, designated in the complaint as an action for inverse condemnation, to recover damages for the removal of a quantity of broken limestone rock from an unpatented mining claim on federal forest land. The trial court entered a judgment for the defendant county, and plaintiff appeals.

The claim had been located by plaintiff and her husband, since deceased, in 1946, and the rock was a product of their operations in performing the required claim assessment work. The county hauled away substantially all of the rock pile for use in a road project, allegedly after obtaining the permission of someone employed by the Forest Service.

Plaintiff made a claim to the Board of County Commissioners of the defendant county under ORS 368.105.[1] It was denied, and she appealed that denial to the circuit court. While that matter was pending, she initiated this action. The two proceedings were consolidated for trial, but the appeal was subsequently dismissed because plaintiff failed to perfect it.[2] This case was tried to the court on the merits.

The court found the rock was not a "valuable mineral" within the meaning of federal law relating to mining claims and that, therefore, plaintiff could not maintain the action. That finding and its conse-

---

[1] ORS 368.105 provides:

"Any person feeling aggrieved by the action of the county roadmaster, deputy roadmaster or patrolmen cutting or carrying away materials or cutting, opening or constructing any drain or ditch as provided in ORS 368.100, may make complaint in writing to the county court at any regular meeting within six months after the cause of complaint accrues. The court shall assess and determine the damages, if any, sustained by the complainant and cause them to be paid out of the county or district road and bridge fund. Should the complainant be dissatisfied with the amount of the damages allowed him by the county court, he may appeal to the circuit court as provided in other causes."

[2] The record in the statutory proceeding is not before us, but the foregoing statements about it are drawn from the briefs in this case and are undisputed.

[ 823 ]

quences have drawn the principal attention of the parties in their briefs and arguments. But the trial court also held that the statutory remedy under ORS 368.105 was exclusive. If that was correct, mining law is irrelevant to our disposition, because the trial court had no jurisdiction to hear the action.

Defendant's answer alleged as part of an affirmative defense:

> "That the Roadmaster of Defendant, at various times * * * did carry away * * * rock from [plaintiff's claim location], and used said rock in providing maintenance and making necessary repairs and improvements to the public roads of Jackson County, Oregon."

Although that allegation was denied, and the trial court made no express finding, the evidence shows (and plaintiff does not contest) that the rock was taken and used by the county for the purpose alleged. That taking, purpose and use were within the terms of ORS 368.100(1)(a)[3] and gave rise to a right to make a claim under ORS 368.105.

The law has been since 1879 that the statutory proceeding provides the only procedure for redress by one whose property has been taken under ORS 368.100(1)(a). *Kendall v. Post,* 8 Or 141 (1879); *Branson v. Gee,* 25 Or 462, 36 P 527 (1894); *Cherry v. Lane County,* 25 Or 487, 36 P 531 (1894). Appellant points out that in such a proceeding the "county court" would be performing a judicial function (*Branson v. Gee, supra,* 25 Or at 468), and that the judicial functions of county courts in some counties, including Jackson, were transferred to the circuit court in 1927. ORS 3.130. She maintains therefore that this action in circuit court was consistent with ORS 368.105.

---

[3] ORS 368.100(1)(a) provides:

"(1) The county roadmaster, deputy roadmaster and patrolmen may:

"(a) Enter upon any land and gather, dig and carry away any stones, gravel or sand, and cut down and carry away any trees or wood necessary for the improvement, repair and maintenance of any public road."

Aside from the fact that the proposition is transparently an afterthought, it overlooks that ORS 3.130 expressly excepted from the transfer "jurisdiction, authority, powers, functions and duties exercisable in the transaction of county business." Determination of whether, to whom and how much the county would pay for property taken in the construction and maintenance of its roads is a matter of county business, and that jurisdiction has not been transferred in the first instance to the circuit courts.

This action was barred, and the circuit court had no jurisdiction.

Affirmed.