A. M. WITHAM, RESPONDENT, v. JOHN M. OSBURN, APPELLANT.

VOID STATUTE.—Sections 15, 16 and 17 of Chapter 50 of the Miscellaneous Laws of Oregon authorizing the establishment of private roads over the land of an individual without his consent, for the private use of another, are unconstitutional and void. The Constitution of the State provides that "private property shall not be taken for *public use* without just compensation," which implies that it cannot be taken for *private use*, whether compensation be made or not.

PRIVATE ROADS CANNOT BE CREATED BY LAW.—If a different class of public roads than is now provided for by statute, is needed for the convenience of persons who are so situated as to have no connection with any public highway, the Legislature may provide for their establishment by providing that they shall be public instead of private roads, and that they may be used by the public.

APPEAL from Benton County.

This was a suit to enjoin appellant from opening a private road across the land of respondent. The injunction was granted, and appellant brings his appeal.

The other material facts are stated in the opinion of the Court.

*R. S. Strahan, John Burnett, and Boise & Willis,* for Appellant.

The main objection urged against the constitutionality of §§ 15, 16 and 17 of Chapter 50 of the Miscellaneous Laws is, that the use is not public. Generally it is for the Legislature to determine when and in what cases the public interests require the taking of private property for public use. (Sedgwick on Stat. and Con. Law, 499.)

The question whether the use is public or private, is not a judicial question, but one that rests entirely with the Legislature. (*Bloodgood* v. *The M. & H. R. Co.,* 18 Wend.. 9; 2 Dallas, 304; 2 Blatchford R. 95; 4 Pick. 460; *Spring* v. *Russel,* 1 Green R. 273; 7 Pick. 453, 466; 1 Am. R. 237, 241.)

The easement acquired under this law is of a public nature. The road, when opened, may be lawfully traveled by all who have occasion to pass over it. The respondent does not acquire any exclusive property in the road, or in the land upon which it is located, as against all other persons. The law is, therefore, free of all constitutional objection. (*Sherman* v. *Bruck,* 32 Cal. 241; *Metcalf* v. *Bingham,* 3 N. H. 459; *Allen* v. *Stephens,* 29 New Jersey L. R. 509; *Brewer* v. *Bowman,* 9 Georgia R. 37; *Harvey* v. *Thomas,* 10 Watts, 63; *Pocopson Road,* 16 Penn. State R. 15; *Hays* v. *Risher,* 32 Penn. State R. 169; 18 Ala. R. 482; 4 Met. Ky. R. 337; 9 Ind. R. 103; 31 Penn. State R. 12; 5 Harrington's Del. R. 21; Id. 448; 11 Rich. Law, S. C. R. 529; 3 Jones N. C. Law R. 23.)

If the law is susceptible of two constructions, one of which will place it in antagonism with the Constitution, and the other will not, that which will not thus place it

must be adopted. (*People* v. *Reed,* 6 Cal. 228; *People* v. *Langdon,* 8 Cal. 11; 7 Pick. 446; Sedg. on Con. Law, 482; 6 Cranch, 87; 5 Cow. R. 564; 3 Denio R. 381; 3 Seld. 109; 19 Barb. N. Y. R. 81; 26 Wend. R. 599; 16 Mass. 245, 269; 3 Scam. 238; 1 Am. Rep. 237.)

This class of roads has been recognized as legal in all the older States except New York, and the same system has been adopted by all the new States without objection. (11 Pick. 423; Washb. Eas. and Servts. 175; 2 Hilliard on Law of Real Prop. 21, 22, 23, §§ 92 to 96 and 100; 11 Mo. 513; 4 Harris, Penn. R. 15.)

The leading case in the State of New York, opposed to this view (*Taylor* v. *Porter,* 4 Hill, 140), was decided under a statute totally unlike ours.

The fact that the Act in question has been in force ever since the adoption of the Constitution, and has been acquiesced in by Legislatures, Courts, the Bar and the people, without opposition on the ground of its unconstitutionality, is a contemporary interpretation of the most forcible nature. (*Stewart* v. *Laird,* 1 Cranch, 299; Sedg. on Con. and Stat. Law, 487.)

*John Kelsay, Thayer & Williams,* for Respondent.

The law giving the right to obtain a private road is unconstitutional and void. (4 Hill, 140; 2 Seld. 368; 14 Johns. 384; Washb. on Eas. 327, § 3; 27 Mo. 374; 3 Comstock, 517; 25 Mo. 261; 11 Barb. N. Y. 30; 39 Ill. 110, 113; Sedg. on Stat. and Con. Law, 174; Smith's Con. of Stat. 477, §§ 325, 326; 25 Iowa, 540; 27 Id. 43; 1 Am. R. 161, 225; 3 Pars. on Con. 537, 542; Washb. on Eas. 401; Goddard on Eas. 52, 179; 24 Wisc. 89.)

By the Court, PRIM, J.:

It is provided by our statute that when any person's land shall be so situated that it has no connection with any public road, he may make application to the County Court for the location of a private road leading from his premises to some convenient public road. When such application is made, the Court shall appoint three disinterested house-

holders to view out and locate such road according to the application; and also to assess and report the damages which may be sustained by the persons over whose lands such road may be located. After three days' notice given to all persons through whose lands such private road is to be located, they shall proceed to locate and mark out a private road thirty feet in width from some point on the premises of the applicant to some point on the public road; such viewers shall also have the power to determine whether or not gates shall be placed at proper points on said road, and assess the damages in accordance with such determination. They shall also make a report to the County Court of the private road so located by them, and also the amount of damages, if any, assessed, and the persons entitled thereto; and if the County Court shall be satisfied that such report is just, and after payment of all cost of locating such road and the damages assessed by such viewers, the County Court shall order such report to be confirmed, and declare such road to be a private road, and the same shall be recorded as such. This is the substance of §§ 15, 16 and 17, of ch. 50, of the Miscellaneous Laws, and those three sections contain all the provisions of the statute upon the subject of locating and opening private roads in this State.

The private road in question was located over the lands of respondent by the County Court, under the provisions of these sections of the statute. It is claimed by respondent that the proceedings of the Court in relation to the location of the road in question are not only irregular and defective in not complying with the provisions of the statute in such cases made and provided, but that they are absolutely void upon the ground that those sections of the statute authorizing such proceedings are unconstitutional and therefore void.

Section 18, of Article I, of the Constitution, provides that "private property shall not be taken for public use * * * without just compensation."

The Constitution of nearly every State in the Union contains a provision in substance like this, which has been generally construed by the Courts to imply that private

property may be taken for public use by making just compensation to the owner thereof, but that private property cannot be taken for private use whether full compensation shall be made or not.

"All separate interests of individuals in property are held by the Government under the tacit agreement, or implied reservation, that the property may be taken for public use upon paying a fair compensation therefor, whenever the public interest or necessities require that it should be so taken." " The right of eminent domain does not, however, imply a right in the sovereign power to take the property of one citizen and transfer it to another, even for full compensation, when the public interest will in no way be promoted by such transfer." (*Beekman* v. *Saratoga and Schenectady R. R. Co.*, 3 Paige, 73; *Varic* v. *Smith*, 5 Paige, 159.)

In *Taylor* v. *Porter* (4 Hill, 140), it was held that the New York statute, authorizing a private road to be laid out over the lands of a person without his consent, was unconstitutional and void, upon the ground that the Legislature had no authority " to authorize the transfer of one man's property to another without the consent of the owner."

Mr. Justice Bronson says: "The right to take private property, for public purposes, is one of the inherent attributes of sovereignty, and exists in every independent government. But even this right of eminent domain cannot be exercised without making just compensation to the owner of the property. * * * But there is no provision in the Constitution that just compensation shall be made to the owner when his property is taken for private purposes," or if it can be taken at all for private purposes, it can be taken without regard to compensation.

In *Wilkinson* v. *Leland* (2 Peters, 657), Mr. Justice Story says: "The fundamental maxims of a free government seem to require that the rights of personal liberty and private property should be held sacred. * * * We know of no case in which a legislative act to transfer the property of A. to B., without his consent, has ever been held a constitutional exercise of legislative power in any State in the Union. On the contrary, it has been constantly resisted as

inconsistent with just principles by every judicial tribunal in which it has been attempted to be enforced."

*In the Matter of Albany Street* (11 Wend. 149), Chief Justice Savage said: "The Constitution, by authorizing the appropriation of private property to public use, impliedly declares that for any other use private property shall not be taken from one and applied to the private use of another."

But, by looking into the cases in which statutes like ours have been upheld, it will be seen that it is admitted that private property cannot be taken for strictly private purposes without the consent of the owner; but it is denied that such statutes, in authorizing the location of private roads, conflict with this general rule. It is insisted that they are not private but *public* roads, and when established may be used by so many of the public as may have occasion to use them. This was the position assumed by the Supreme Court of California, in *Sherman* v. *Bruck* (32 Cal. 253).

The provisions of the California statute, in relation to the location of private roads, are very similar to ours. In delivering the opinion of the Court, Mr. Justice Sanderson said: "The Legislature has no power to lay out and establish private roads, in the sense that they are to be the private property of particular individuals." Such action, on the part of the Legislature, it was admitted, would be simply null and void. The Court, however, held the statute to be valid, upon the ground that such roads, when established, were not private but public roads, and might be used as such by the public. But by what process of reasoning the Court arrived at this conclusion we are unable to comprehend. The statute contains no provision indicating that, when established, they shall be public roads, or that they may be used by the public; nor does it contain any provision whereby such roads may be kept open for the use of the public, if the private individual, at whose instance they were established, should see proper to close them. They are not only called private roads in the statute, but are established on the application and at the expense of private individuals.

Bouvier (2 vol. 488) says: "Private roads are such as are used for private individuals only, and are not wanted for the public generally. Public roads are kept in repair at the public expense, and private roads by those who use them." Thus it will be seen that the private roads provided for in our statute, correspond very well with Mr. Bouvier's definition of "private roads."

It has been argued that many persons are so situated as to have no connection with any public highway, and that such persons will be put to great inconvenience, unless private roads can be established for the use and benefit of such persons. In answer to this argument, we would suggest that the Legislature may meet the necessity by providing for the establishment of a different class of public roads than are now provided for by law. The Legislature, undoubtedly, has authority to authorize the taking of private property for the establishment of as many public roads as may be needed for public use. The Courts, in sustaining that class of roads called private roads, have been compelled to assume that they were public roads, although called private roads in the very Act in which they are provided for.

Having reached the conclusion that the Legislature exceeded its authority under the Constitution, in authorizing the establishment of private roads over the land of an individual, without his consent, for the private use of another, we therefore hold that so much of such statute as authorizes the location of such roads, is void.

It is therefore ordered that appellant be perpetually enjoined from further proceeding in the matter of the location of said private road over the land of respondent.