Argued 20 February, decided 3 April, rehearing denied 17 July, 1906.

### GASTON *v.* PORTLAND.

84 Pac. 1040.

WRIT OF REVIEW—FORM OF PETITION—ATTACHING EXHIBITS.

1. In view of the provision of Section 596, B. & C. Comp., that a petition for a writ of review shall describe with convenient certainty the determination sought to be reviewed, the petition should state such matters as are necessary, and copies of the record objected to should not be attached as exhibits—all that matter, and the expense of providing it, being provided for by Sections 598 and 599 of the Code.

WRIT OF REVIEW—PLEADING—DEMURRER—MOTION TO QUASH.

2. Under the practice in Oregon concerning writs of review as defined by Section 603, B. & C. C. Comp., requiring the court issuing the writ to affirm, reverse, modify or annul the decision reviewed, or to direct the inferior tribunal to proceed in a designated manner, the only pleading on the part of the defendants is a return to the writ, and it is not proper practice to file a demurrer to the petition or a motion to quash or dismiss. All objections and defenses should be presented in the form of a return to the writ, and the allegations of the petition are to be deemed true if the answer raises questions that would ordinarily be presented by a motion or demurrer.

MUNICIPAL CORPORATIONS—RIGHT TO RESELL LOTS ONCE SOLD UNDER VOID PROCEEDING—CAVEAT EMPTOR.

3. Section 400 of the Portland Charter of 1903, which authorizes the city to reassess property for public improvements in certain specified instances, does not authorize the city to sell under such reassessment where a sale was made under the prior assessment, even though such sale was entirely void, in the absence of a provision in the charter for returning the purchase price paid at the first sale.

IDEM.

4. That part of Section 400 of the Portland Charter of 1903, providing that where a sale has been declared void and the property shall be resold under a reassessment for public improvements, the entire proceeds shall be paid to the purchaser at the prior sale, is unconstitutional, as providing for a seizure of one man's property to give to another, in violation of Const. Or. Art. I, § 18, which impliedly prohibits the taking of private property for private use at any price.

RIGHTS OF CONTRACTORS PURCHASING LOTS SOLD FOR PUBLIC IMPROVE-MENTS—CAVEAT EMPTOR.

5. Contractors for public improvements who purchase property sold for unpaid assessments on their own work have no further rights than other persons purchasing under similar circumstances, and buy at their peril.

From Multnomah: MELVIN C. GEORGE and JOHN B. CLE-LAND, Judges.

Statement by MR. JUSTICE HAILEY.

The plaintiff Mary W. Gaston owns three lots in the City of Portland, abutting on Main Street, between certain points where the city made street improvements under the charter of 1898, and endeavored to assess each of her lots for its re-spective portion of the costs of such improvements. Plaintiff having failed to pay such assessments, the city sold her lots for the full amount of the assessments, under the provisions of the charter of 1903. She then brought suit against the pur-chasers of the lots, and had the assessment and sale declared void. Later, in 1903, the city, under the provisions of Section 400 of the new charter, attempted to make a reassessment of her lots for the same street improvements, and passed a reso-lution and ordinances for that purpose, and caused its proper officers to advertise that the lots would be sold as provided by the charter unless such assessments were paid within 30 days from the date of the notice. Plaintiff then filed this petition for a writ of review. Attached to and made a part of the petition are numerous exhibits which are copies of parts

of the proceedings of defendants sought to be reviewed. The petition was granted and a writ of review issued and served upon defendants, who made no return thereto, but filed general demurrers "to the petition and return, for the reason that the same do not state facts sufficient to constitute a cause of action." At the hearing it was stipulated in open court by the parties that the demurrers be considered and treated as motions to quash the writ of review, and after argument and consideration by the court the motions were allowed and an oral notice of appeal given by the plaintiff in open court, and this appeal perfected.          Reversed.

For appellant there was a brief and an oral argument by *Mr. Ralph R. Duniway.*

For respondent there was a brief over the names of *L. A. McNary, City Attorney,* and *John P. Kavanaugh,* with an oral argument by *Mr. Kavanaugh.*

Mr. Justice Hailey delivered the opinion of the court.

1. The practice pursued in this case of attaching to the petition a number of exhibits and treating them as the record of the proceedings to be reviewed we do not regard as being in accord with the intention of our Code providing for a writ of review. The sole virtue claimed for such procedure is economy; but this doubtful claim should not supplant the necessity for regularity in compliance with the provisions of our statute. Section 596 of our Code (B. & C. Comp.) clearly does not intend that the petition shall do more than describe with convenient certainty the decision or determination sought to be reviewed, and set forth the errors alleged to have been committed therein. Section 598 of the Code (B. & C. Comp.) provides that before allowing the writ an undertaking with one or more sureties, to be approved by the court, must be filed by the plaintiff, and the statutory amount of such undertaking is sufficient to protect the defendant in such a proceeding against all reasonable pecuniary expenses, and Section 599 provides for the return of the writ with a copy of the record or proceedings in question annexed, certified to by the clerk or

other person having the custody of such record or proceedings. This court in *Dayton* v. *Board of Equalization,* 33 Or. 131-139 (50 Pac. 1009, 1012), in speaking of the office of the writ of review under our Code, said: "It is substantially the common-law remedy by certiorari, which was invoked for the purpose of having the entire record of the inferior tribunal brought up for inspection, to determine whether it had jurisdiction or had exceeded its jurisdiction, or had failed to proceed according to the essential requirements of the law." The purpose of the writ being thus clearly defined, it would seem unnecessary to encumber the petition with numerous exhibits which are copies of the record or proceedings to be reviewed, and like copies of which are to be annexed to and returned with the writ.

2. No provision is made in our Code for filing any pleading after the order directing the issuance of the writ, except the writ itself, with the return of the defendants annexed thereto. There being no provision for a motion to quash the writ, it is doubtful whether such a motion will lie under our Code, for such a motion under the writ of certiorari was made for the purpose of dismissing the proceedings, whereas, under our practice, if the return shows the decision or determination reviewed to be proper, the court must affirm such decision or determination, and, if improper or void, the court must modify, reverse or annul such decision or determination, as the case may be, or by mandate direct the inferior court to proceed in the matter reviewed according to its decision: Section 603, B. & C. Comp.; *Woodruff* v. *County of Douglas,* 17 Or. 314-320 (21 Pac. 49). Thus, under our Code, the proceedings are not to be dismissed, but acted upon in accordance with Section 603, B. & C. Comp. There being no return of the writ, the demurrers can only be treated as motions to dismiss the petition for insufficiency of facts to warrant the issuance of a writ, and while we deem such procedure decidedly irregular and not warranted by our Code, inasmuch as the lower court and all parties have practically so regarded the demurrers, they will be so treated in this case, but not to serve as a precedent; the

proper procedure being, if such a motion to quash the writ is
necessary or permissible under our Code, to file the same on
the return day after the return of the writ: 6 Cyc. 16. Under
such a motion to dismiss the allegations of the petition are
taken as true: 4. Encyc. Pl. & Pr. 250. It will only be neces-
sary, then, to ascertain whether or not the petition states facts
sufficient to warrant the issuance of the writ.

3. The petition, after alleging the ownership of three certain
lots in the City of Portland by plaintiff, and the corporate
character of the city, and the official character of the other
defendants, alleges that defendants, by the passage of certain
resolutions and ordinances, and doing other acts, all of which
are set out or referred to in the petition, assessed to plaintiff's
lots certain sums mentioned therein for the cost of making
certain improvements on Main Street, upon which said lots
are located, and that such assessments were entered in the
docket of city liens, and that, plaintiff having failed to pay
such assessments, the lots were afterwards advertised for sale
and sold by the city to J. Frainey and J. Keating on June 29,
1903, for the full amount of such assessment and all costs,
interest and penalties, and return made of such sale to the
proper officer. It is also alleged that thereafter a second
delinquent list was obtained by the treasurer from the city
auditor and a false return made thereon, to the effect that two
only of plaintiff's lots had been sold and that the other lot
had not been sold for want of bidders, which second list and
false return thereon were substituted for said first list and true
return, which latter had been removed and could not be found.
It then alleges the adoption of a resolution by the council on
October 5, 1904, directing the auditor of the city to prepare a
reassessment on the lots of plaintiff and all other property
within the district affected by that portion of Main Street
where the improvements were made for which plaintiff's lots
had been sold, which reassessment was based upon the pro-
visions of Section 400 of the charter, providing that a reassess-
ment may be made for the improvement of any street when "the
council shall be in doubt as to the validity of such assessment,

or any part thereof"; and then alleges various acts of the
defendants toward the perfection of such reassessment and the
adoption of ordinances making such reassessment, and declar-
ing the same a lien upon plaintiff's lots and authorizing the
auditor to take the proper steps for the sale of such lots in case
the payment of the assessment should not be made.

It then sets forth the errors alleged to have been committed
in making such reassessment, and alleges that the defendants
claim the right of selling plaintiff's property under the fol-
lowing portion of Section 400 of the Charter of the City of
Portland:

"And when it has been attempted to sell property for any
assessment and such sale is found or declared void, upon the
making of the reassessment, the property shall be resold and
the proceeds of such sale shall be paid to the purchaser at the
former void sale or his assigns."

It is then alleged that this provision is in contravention of
the constitution of this State, Art. I, § 18, in this: that it at-
tempts to authorize the defendants to take private property
without just compensation, and attempts to authorize defend-
ants to take the private property of one person and give it to
another person without the assent of the owner and without
compensation. It also alleges that the defendants are without
jurisdiction to reassess plaintiff's property by reason of the
fact that such property has once been sold by the city for the
full amount of the assessment levied against the same for the
same improvements for the cost of which defendants are seek-
ing to reassess it. Several other errors are alleged, but we
deem it unnecessary to consider them. Several other allega-
tions are made in the petition which we do not think can be
considered at this time, as they are not material to the issu-
ance of the writ of review, among them being the allegation
that the sale of plaintiff's lots on June 29, 1903, was after-
wards, by decree of the circuit court of Multnomah County,
set aside and declared void, and the assessment upon which it
was based also declared void.

It will be noted that the petition alleges the sale of plaintiff's

lots on June 29, 1903, for the full amount of the original assessment against them for the improvements on Main Street. In the case of *Dowell* v. *Portland,* 13 Or. 248 (10 Pac. 308), certain lots in the City of Portland had been assessed for street improvements and entered in the docket of city liens against a person who was not the owner of the lots, and were afterwards sold and the purchase price paid therefor. Such sale being void, it was contended on the part of the city that it had a right to reassess the property by making a correct entry in the docket of liens, and upon the failure of the true owner to pay the reassessment to sell the property. But the court held that, the property having been sold and the assessment paid into the city treasury, the power on the part of the city to sell had been executed and exhausted, and that the city had no power to reassess and resell the property of the plaintiff, and that the purchaser who had bought the lots at the void sale had done so under the doctrine of *caveat emptor,* and, there being no provision in the charter for refunding the purchase price to him, the city's claim against the lots for improvements was fully satisfied. The doctrine of *caveat emptor,* as declared in the above case, has since been followed by this court in *Keenan* v. *Portland,* 27 Or. 544 (38 Pac. 2), and *Gaston* v. *Portland,* 41 Or. 373-376 (69 Pac. 34, 445).

It is claimed, however, by the defendants that the doctrine of *Dowell* v. *Portland* has no application to this case, as the power to reassess is given by Section 400 of the charter of 1903, whenever the original assessment has been declared void, or the council has doubt as to the validity of the original assessment or any part thereof. This contention would no doubt be true if the city had not sold the property assessed for its claims for improvements, as the city would have the right to reassess and sell under Section 400 as long as its claim was unpaid by sale of the property or otherwise. If the doctrine of caveat emptor, as declared in the cases cited, still obtains under the present charter of the City of Portland, the city undoubtedly cannot resell the property for its own benefit after having once satisfied its claim for improvements by a sale of the property.

We find nothing in the charter authorizing the city to refund the purchase price to the purchaser at a void sale. Consequently the doctrine of *Dowell* v. *Portland* applies to like cases, unless it has been changed by that part of Section 400 authorizing the city to reassess property where a sale has been declared void, in which event "the property shall be resold and the proceeds of such sale shall be paid to the purchaser at the former void sale or his assigns." This provision clearly does not permit the city to resell for its own benefit.

4. The question, then, is whether or not the city has a right to reassess and resell the plaintiff's property for the benefit of the purchaser at the void sale. Section 412 of the charter provides:

"Each piece or tract of land shall be sold separately, and for a sum not less than the unpaid assessment thereon and the interest and cost of advertising and sale; and where there shall be more than one bid, the land shall be sold to the bidder offering to take the same for the least amount of penalty and interest."

Section 400 provides that reassessment liens shall be enforced and collected in the same manner that other assessments for local improvements are enforced and collected under the charter. Bearing in mind, then, that the proceeds of the resale shall be paid to the purchaser at the void sale or his assigns, and not to the city, and that there is no provision in the charter whereby a purchaser at a void sale shall be reimbursed for his purchase price other than receiving the proceeds at a resale upon a reassessment of the property, we have the peculiar condition existing under the provisions of this charter whereby upon a reassessment and resale of the property, if it should sell for a greater sum than the original purchaser paid at the first sale or for more than the amount of the reassessment, such purchaser would receive the entire proceeds of the resale, thus causing the owner of the property to pay him, not only the amount of his original purchase price, but all the excess of the second bid over such original price or reassessment. Such a procedure would compel the owner of property wrongfully sold to repay to the purchaser of his property, not only

the purchase price, but possibly many times that; for, upon a reassessment and sale, the irregularities of the first assessment and sale would presumably be cured and the property possibly sell for a better price by reason thereof. It in effect would sell the owner's property and give the proceeds to the former purchaser, to whom neither the city nor the owner owed any moral or legal obligation to pay anything. This, we think, cannot be done under our constitution, as it is clearly taking one man's property and giving it to another: *Witham* v. *Osburn,* 4 Or. 318, 322 (18 Am. Rep. 287). We therefore hold that the petition states facts sufficient to warrant the issuance of the writ, and that the motions should have been denied and a full return made upon the writ.

5. It is claimed by the defendants, also, that the purchasers, Frainey and Keating, having been the contractors who made the improvements upon the street for which the assessments were made against the plaintiff's property, should be considered more favorably than ordinary purchasers. This contention, however, has been decided to the contrary by this court in the case of *Keenan* v. *Portland,* 27 Or. 544 (38 Pac. 2).

The judgment of the lower court will therefore be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.                              REVERSED.