Argued and submitted June 13, reversed and remanded August 8, 1984

In the Matter of John R. and Barbara
J. Chapman's Petition for a Statutory
Way of Necessity to Allow Access to Tax
Lot 501, S17, T1, NR 10 E Hood River
County, Oregon.

CHAPMAN et al,
*Appellants - Cross-Respondents,*

*v.*

PERRON et al,
*Respondents - Cross-Appellants.*

(8973; CA A30072)

685 P2d 492

Thomas L. Mason, Portland, argued the cause and filed the briefs for appellants - cross-respondents.

Larry H. Blakely, Hood River, argued the cause for respondents - cross-appellants. With him on the brief was Parker, Abraham, Bowe, Jaques & Blakely, Hood River.

Bruce E. Anderson, Lake Grove, filed a brief amicus curiae.

David C. Baum, LaGrande, filed a brief amicus curiae.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

## WARREN, J.

Plaintiffs filed a petition for a statutory way of necessity across land owned by defendants. The trial court found that, although the petition would "probably" be granted on the facts, with a modification of the proposed route, the current statute, as amended in 1979, violates Article I, section 18, of the Oregon Constitution, because it does not require a "finding" that the public, as well as the petitioner, needs to have ingress and egress to the property. We conclude that the statute does not violate the Oregon Constitution and reverse and remand.

■ The procedure for establishing a statutory way of necessity has a long and varied constitutional history. *See Private Roads-Statutory Ways of Necessity-Oregon Law,* 19 Or L Rev 171 (1940). Defendants in this case argue that ORS 376.150 to 376.200 allow the unconstitutional, uncompensated taking of private property for a purely private use or purpose in violation of Article I, section 18, of the Oregon Constitution. The constitutional test has long been whether the way is an open public way or one for the exclusive use and benefit of the petitioner.

> "* * * Laws exist in most of the states for the paying out of what are called 'private roads,' or 'roads of public easement'; and these statutes have in some cases been held valid and in others invalid. The principle to be deduced from the adjudged cases, bearing upon the question, seems to be that if, by a fair construction and operation of the statutes, the road, when laid out, is in fact a public road, for the use of all who may desire to use it, the law is not liable to the charge of unconstitutionality, and is valid, though the road may be laid out on the application of, paid for and kept in repair by the petitioner, and primarily designed for his benefit; but if such road is to become a mere private way, and not open to the public the law sanctioning it is void. [Citations omitted.] Within this principle, the act in question is valid. The road provided for is an open public way, 30 feet in width, which may be traveled by any person who desires to use it. The fact that it may accommodate but a limited portion of the public, or even but a single family, is no objection to the validity of the law providing for its location. The test is whether it is an open public way, or one for the exclusive use and benefit of the petitioner." *Towns v Klamath County,* 33 Or 225, 232-33, 53 P 604 (1898).

The way must be open for public *use* if the statute is to be constitutional. *Barkley et ux. v. Gibbs,* 180 Or 647, 650, 178 P2d 918 (1947); *Aylett v. Mardis,* 59 Or App 109, 113, 650 P2d 165, *rev den* 294 Or 212 (1982). It is not a constitutional requirement that there be a finding of public need, only that the way be open to public use.

The first statute that provided for statutory ways of necessity was found to be unconstitutional, because it provided for the creation of a "private road," thereby permitting the taking of property for private use. *Witham v. Osburn,* 4 Or 318 (1873). Later statutes that provided for the creation of a "public easement" were held to be constitutional. *Towns v. Klamath County, supra; Aylett v. Mardis, supra.*[1] The current statutory scheme does not expressly provide that the easement be private or public, but defendants claim that its private nature can be inferred from the fact that a "way of necessity," as set out in ORS 376.150(2), is defined differently from a "public road," as set out in ORS 376.150(1).

Though conceding that "way of necessity," as defined, is silent as to private or public use, defendants argue that the distinct definitions imply that the public may be excluded from a statutory way of necessity. To reinforce this position, they point to ORS 376.190(1), which provides:

"A way of necessity that is established under ORS 376.150 to 376.200 shall be maintained and kept passable by the person owning the land for which the way of necessity is established. This subsection does not require the person to provide for maintenance of the way of necessity for uses or persons not specifically provided in the order establishing the way of necessity."

Because a private party need not maintain the way for "uses or persons not specifically provided in the order establishing the way," ORS 376.190(1), defendants claim that the way created is not consistent with a public right to use it.

■ ■ Although the current statutory scheme does not expressly state that a way of necessity is "public," we are bound to adopt a construction of the statute that will uphold

---

[1] For example, former ORS 376.130(2) (*repealed by* Or Laws 1979, ch 862, § 12), the predecessor to the current statute, provided: "No such road or public easement shall be altered or vacated except by the county court in the manner provided by law."

its constitutionality if such a construction is reasonable. *Weinberger v. Rall,* 265 Or 597, 600, 510 P2d 549 (1973); *City of Portland v. Welch,* 229 Or 308, 316, 364 P2d 1009, 367 P2d 403 (1961); *Rocky B. Fisheries v. No. Bend Fab.,* 66 Or App 625, 633, 676 P2d 319, *rev den* 297 Or 82 (1984). Nothing in the statutory scheme requires a construction that the public may be excluded. The law was clear when the statute was adopted that, to be valid, the way must be open to the public. We will not assume that the legislature enacted an unconstitutional law. Because we construe the way of necessity established under ORS 376.150 to 376.200 to be open to the public, the statute is constitutional. Our construction is supported by the fact that, under ORS 376.190(2), a way, once established, may not be vacated without the consent of the county.

■ A way of necessity created under ORS 376.150 to 376.200 is open to the public, and the statutes do not violate Article I, section 18, of the Oregon Constitution.

Reversed and remanded.[2]

---

[2] In a cross-appeal, defendants seek reversal of the trial court's order disallowing defendants' attorney fees as a part of their costs. ORS 376.175(2)(e) provides:

"Any order entered under this section shall:

"* * * * *

"(e) Direct the petitioner to pay costs and reasonable attorney fees incurred by each owner of land whose land was subject to the petitioner's action for a way of necessity under ORS 376.150 to 376.200."

On remand, defendants will be entitled to attorney fees under ORS 376.175(2)(e).