Argued and submitted October 24, 1985, affirmed February 26, reconsideration denied
April 11, petition for review denied May 20, 1986 (301 Or 165)

SCHOENEMAN et ux,
*Appellants,*

*v.*

MEYER et al,
*Respondents.*

(83-1191; CA A34300)

715 P2d 100

Thomas J. Reuter, Lebanon, argued the cause for appellants. With him on the brief was Morley, Thomas, Kingsley & Reuter, Lebanon.

A. Gregory McKenzie, Oregon City, argued the cause for respondents Robert F. Meyer and Isabel Meyer. With him on the brief was Canning, Tait & McKenzie, P.C., Oregon City.

No appearance for defendants Edward M. Sorensen and Ann M. Sorensen.

Before Buttler, Presiding Judge, and Warren and Rossman, Judges.

WARREN, J.

Buttler, J., concurring in part; dissenting in part.

## WARREN, J.

This is a declaratory judgment action in which plaintiffs, the Schoenemans, seek a declaration of their rights and those of defendants in a gateway established in 1978 as a statutory way of necessity pursuant to *former* ORS 376.105 *et seq*[1] (*repealed by* Or Laws 1979, ch 862, § 12). The gateway[2] served defendants Sorensen's landlocked property and ran across defendants Meyer's and the Schoenemans' properties. In addition, plaintiffs seek to enjoin the Sorensens from expanding the use of the gateway to serve additional residences to be constructed on their subdivided property and to enjoin the Meyers from using that portion of the gateway which ran over plaintiffs' property for access to the Meyers' farm property adjacent to the gateway. Plaintiffs also seek damages from the Meyers for trespass.

---

[1] *Former* ORS 376.105 provided, in pertinent part:

"Whenever it appears to any county court by the sworn petition of any person that the *farm or residence* of such person is not reached conveniently by any public road provided by law, and that it is necessary that the public and such person have ingress to and egress from the *farm or residence* of such person, the county court shall:

"(1) Appoint a board of county viewers * * *." (Emphasis supplied.)

*Former* ORS 376.110 provided, in pertinent part:

"The board of county viewers shall:

"* * * * *

"(2) View out, locate and mark out either a suitable *public road* not exceeding 60 feet wide, *or a gateway* not less than 10 nor more than 30 feet wide, or both, as may be found best by the viewers, having regard to all surrounding circumstances and conditions of the case and so as to do the least damage to the land through which the road or gateway is located, *from the farm or residence* of such person to the nearest point practicable on another public road, gateway, steamboat landing or railroad station * * *." (Emphasis supplied.)

*Former* ORS 376.115(3) provided that the county court shall "declare the road or gateway to be a *public road or a perpetual right of way.*" (Emphasis supplied.)

These three sections somewhat inconsistently refer to the way of necessity as either a public road or gateway (*former* ORS 376.110) or as a public road or perpetual right of way (*former* ORS 376.115). Regardless of the inconsistency, the law is clear, as stated later in this opinion, that *all* statutory ways of necessity share one common feature: they must be open to the public.

[2] A gateway differs from a public road in that a gateway may not exceed 30 feet in width while a road may reach 60 feet in width and by the fact that a road must be fenced. *See Aylett v. Mardis,* 59 Or App 109, 113, 650 P2d 165, *rev den* 294 Or 212 (1982). Other than these differences, both gateways and public roads are statutory ways of necessity.

The trial court entered a default judgment against the Sorensens for their failure to appear. The court later granted the Sorensens relief from the default judgment on the ground of excusable neglect or mistake, ORCP 71B(1)(a), on the basis of their affidavit that they thought a separate proceeding to subdivide the property would resolve the issue. All defendants moved for summary judgment. The trial court granted defendants' motions and entered final judgment against plaintiffs. On appeal, plaintiffs challenge the court's orders granting the Sorensens relief from the default and granting defendants summary judgment.

■    The court acted properly within its discretion to order relief from the default judgment. Even if ordering relief from default had been improper, that is immaterial because, as a matter of law, plaintiffs are not entitled to have their rights declared as they contend.

■ ■    A statutory way of necessity must be open to the public for the use of all who desire to use it. *Chapman v. Perron,* 69 Or App 445, 448, 685 P2d 492 (1984); *Aylett v. Mardis, supra,* n 2, 212 (1982). The Supreme Court has held that a statute authorizing the creation of a way of necessity not open to the public would be invalid as providing for an unconstitutional governmental taking of property for private use. *Towns v. Klamath County,* 33 Or 225, 232-33, 53 P 604 (1898). Under *Aylett v. Mardis, supra,* 59 Or App at 116, *any* way of necessity created under *former* ORS 376.105 *et seq,* whether a public road or a gateway, may be used for access to residences and farms. *See* n 2, *supra.* The Sorensens were clearly entitled to expand the use of the way of necessity to serve additional residences on their property. *Aylett v. Mardis, supra,* 59 Or App at 116. The Meyers, as members of the public and abutting landowners, were also clearly entitled to use the way of necessity established over the Schoenemans' property to serve their farm.

■    The dissent claims that the Meyers'·right to use the statutory way of necessity for access to their farm is somehow more limited than the right of the public to use any other public way. We know of no statutory or common law basis for such a distinction. The order creating the way of necessity at issue in this case stated "that the Way of Necessity shall be a perpetual right-of-way and referred to as a Gateway, and that

the granting of the Way of Necessity shall not create a County Road or Public Useage [*sic*] Road." Plaintiffs contend that by creating a gateway and perpetual right-of-way as opposed to a public road, the county intended to limit the type of use to which the way may be subjected to that applicable to a private easement; they claim that the way can only be used for access to a single residence on the Sorensons' property. *Aylett v. Mardis, supra,* 59 Or App at 115, unequivocally states that "[w]hether termed a public road or a perpetual right of way [under *former* ORS 376.115], the way must be open to public use." Plaintiffs are not entitled to have the use of the statutory way of necessity restricted so as to create a private easement or otherwise limited as they would like. There being no genuine issue of material fact, the court properly granted defendants summary judgment.

Affirmed.

**BUTTLER, P. J.,** concurring in part; dissenting in part.

Although I concur with most of the majority opinion, I do not agree that defendants Meyer, whose property has direct access to a county road and lies along a portion of the way of necessity not taken from their property (from point A to point B on the attached map), may use the portion of the way of necessity that was not taken from their property for any purpose they see fit. The cases on which the majority relies neither require nor justify permitting the Meyers to use the portion (approximately one-half) of the way of necessity between the county road and plaintiffs' property, which had been plaintiffs' private driveway before the way of necessity was granted to defendants Sorensen, to move their farm machinery in, out and along their property.

Concededly, a statutory way of necessity may not be a private easement subject to the control of the property owner for whom it is established. *Towns v. Klamath County,* 33 Or 225, 53 P 604 (1898). In *Aylett v. Mardis,* 59 Or App 109, 650 P2d 165, *rev den* 294 Or 212 (1982), we made a thorough review of the statutory history of ways of necessity and concluded that the persons owning the property for which the way of necessity was granted could subdivide their land and retain access to all of the parcels thus created. *Aylett* disposes of plaintiffs' claim against the Sorensens here. In other words,

the Sorensens were entitled to subdivide their property and sell it, and the purchasers were entitled to build homes on the lots and use the way of necessity to get to and from the county road. We expressly stated, however, that "[w]e need not decide whether this way can be used for any and all purposes." *Aylett v. Mardis, supra,* 59 Or App at 116. That undecided question is the one presented here.

It is clear that *former* ORS 376.115(3) (*repealed by* Or Laws 1979, ch 862, § 3) authorized the county court to "declare the road or gateway to be a public road or a perpetual right of way." It seems clear from that language that something less than a completely public road was permitted. It is equally clear that the county court here, in ordering the way of necessity, intended that it be a "perpetual right of way and referred to as a Gateway" and that it "shall not create a County Road or Public Useage [*sic*] Road." So long as a way of necessity is open to any member of the public to travel from the county road to the property for which the way of necessity was granted, there is no constitutional question involving the taking of private property for a private purpose. In other words, the Sorensens, whose property line starts at point C on the map, could not restrict or control who travels from the county road, point A, to their property, point C. The Meyers may make that trip, not because they abut the way of necessity but because, as members of the public, they are entitled to go from the county road to the Sorensens' property.

In further elaboration of what the county court had in mind, its order required the Sorensens to bear the total cost of construction of the gateway and its maintenance on the portion of the gateway taken from the Meyers' property (from point B to point C); it further ordered that the Sorensens and the Schoenemans would share equally in the general mainte- nance of the portion of the gateway on the property owned by the Schoenemans (from point A to point B). It seems apparent that the county court did not anticipate that the Meyers have use of the gateway or bear any of the costs of construction or maintenance.

The Meyers had no basis for claiming a way of necessity, because their property fronted on the county road. Because neither the statutes nor any of the decided cases require the conclusion that the Meyers are entitled to use the

portion of the way of necessity from point A to point B for any and all purposes and, because the county court's order clearly indicates that the Meyers were not entitled to use that portion of it, I would hold that they do not have the right to do so under the way of necessity as granted. They may, however, insofar as plaintiffs are concerned, use the portion of the way taken from their property, from point B to point C.

Therefore, I would reverse the part of the judgment in favor of defendants Meyer and remand for further proceedings.

EDWARD M. SORENSEN WAY OF NECESSITY

With C S. 14268

SEC. 23, T. II S., R. 2 W., W.M.
LINN COUNTY, OREGON
Scale 1" = 400'
May, 1978

Orris A Carnegie
County Surveyor

REGISTERED
PROFESSIONAL
LAND SURVEYOR

OREGON
ORRIS A. CARNEGE
2,13