Argued and submitted July 14, reversed and remanded September 10, 1997

Lester W. NICE
and Lela Mae Mundy,
*Appellants,*

*v.*

John Warren PRIDAY,
Patricia Priday and John Annan Priday,
*Respondents.*

(CC96-28; CA A95984)

945 P2d 559

Bradley V. Timmons argued the cause for appellants. With him on the briefs was Dick & Dick.

Stanley D. Austin argued the cause for respondents. With him on the brief were Gregory P. Lynch and Hurley, Lynch & Re, P.C.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

LEESON, J.

## LEESON, J.

In this action for a statutory way of necessity, ORS 376.150 to ORS 376.200,[1] we must determine whether the trial court erred in granting defendants' motion for summary judgment on the ground that plaintiffs' action is barred by the doctrine of claim preclusion. Because the parties do not dispute the relevant facts, we review to determine whether defendants are entitled to judgment as a matter of law. ORCP 47 C. We reverse and remand.

Plaintiffs own the north quarter of a section of land in Wasco County. Defendants own the remaining three-quarters of that section, as well as land to the south and east of the section. The Bureau of Land Management owns the land north and west of plaintiffs' land. Plaintiffs' only automobile access to their land has been by a gravel road across defendants' land, a road that has been used by plaintiffs and their predecessors since 1920. In 1993, plaintiffs sought a prescriptive easement through defendants' land, which the trial court granted. We reversed, *Nice v. Priday*, 137 Or App 620, 625, 905 P2d 252, *rev den* 322 Or 644 (1995), holding that the use of the access road always had been permissive. Plaintiffs subsequently petitioned the circuit court for a statutory way of

[1] ORS 376.155 provides, in part:

"(1) To establish a way of necessity under ORS 376.150 to 376.200, a landowner shall file a petition with the governing body of the county in which the land is located.

"(2) A petition filed under this section shall contain a drawing and a narrative statement that contain all of the following information:

"* * * * *

"(j) Evidence that the petitioner does not have an existing easement or right to an easement to provide access to a public road.

"(k) Evidence that the petitioner does not have any enforceable access to a public road."

ORS 376.180 provides, in part:

"A way of necessity established under ORS 376.150 to 376.200 shall:

"* * * * *

"(8) Not be established if the property for which the way of necessity is sought has an existing enforceable access to a public road;

"(9) Not be established if the petitioner for the way of necessity could acquire an easement for access to a public road through other legal action[.]"

necessity, which is a proceeding available to owners of land-locked property who have no other enforceable access. A petition to establish a way of necessity is filed with the county governing body in the county where the land is located. ORS 376.155(1). However, pursuant to ORS 376.200(1), a county may elect to transfer jurisdiction over the establishment of a way of necessity to the circuit court of that county. Wasco County has done so.

A petition for a way of necessity is not by its nature an adversary action. ORS 376.155(2) requires a petitioner to provide 11 pieces of information to the county, one of which is the names of persons who own the land crossed by the petitioner's proposed way. ORS 376.155(2)(h). If the county has not elected to transfer jurisdiction, the *county* notifies the persons named in the petition. ORS 376.160(1)(a). If the county has elected to transfer jurisdiction, the petitioner notifies the named persons. ORS 376.200(4)(a). In either event, the county or the circuit court appoints a surveyor to investigate the petition, provide a written report and recommend a way to the landlocked property. ORS 376.160(b); ORS 376.200(2), (5). If the way recommended by the appointed surveyor differs from the petitioner's proposed way, the owners of the land subject to the county's recommended way are notified. In the case of a circuit court petition, those owners are "joined." The county governing body, or the circuit court, then determines whether "a need has been demonstrated" for the way of necessity, grants or denies it and determines its exact location. ORS 376.175(1), (2)(a) and (c); ORS 376.200(2). A petition filed with the county governing body is appealable to the county circuit court, ORS 376.175(5), and a circuit court petition is appealable to this court. ORS 376.200(3). The petitioner pays all costs and attorneys fees regardless of whether the way is granted. ORS 376.175(2)(e).

In their petition for a way of necessity, plaintiffs listed our decision in *Nice* as "evidence that the petitioner does not have an existing easement or right to an easement to provide access to a public road," ORS 376.155(2)(j), or any other "enforceable access," ORS 376.155(2)(k). *See also* ORS 376.180(8) and (9) (no way of necessity to be established if property has enforceable access to public road or if the petitioner could acquire such access through other legal action).

Defendants moved for summary judgment on the ground of claim preclusion, and the trial court granted their motion.

On appeal, plaintiffs argue that the trial court erred in holding that their petition for a statutory way of necessity is barred by claim preclusion and, consequently, erred in granting summary judgment in favor of defendants. Plaintiffs contend that an action for a statutory way of necessity is not barred by the doctrine of claim preclusion either because the statutory remedy of a way of necessity is not subject to claim preclusion based on previous litigation of common-law claims or because the elements of claim preclusion are not satisfied in this case. Defendants respond that plaintiffs' statutory way of necessity petition "is simply an additional or alternative means to obtain the same end" and that plaintiffs had the "right and the obligation to join the statutory right of necessity claim with the common law claim brought in plaintiffs' original cause of action." Because Wasco County has transferred jurisdiction of ways of necessity to the circuit court, ORS 376.200(1), we agree that plaintiffs could have joined their statutory way of necessity petition with their common-law claim for an easement. However, we disagree that plaintiffs' claim is barred because they did not do so.

■■ Claim preclusion is a branch of preclusion by former adjudication. *Drews v. EBI Companies*, 310 Or 134, 140, 795 P2d 531 (1990). A plaintiff who has prosecuted one action against a defendant through to a final judgment that is binding on both parties

> "is barred on [claim preclusion] grounds from prosecuting another action against the same defendant where the claim in the second action is one which is based on the same factual transaction that was at issue in the first, seeks a remedy additional or alternative to the one sought earlier, and is of such a nature as could have been joined in the first action."

*Rennie v. Freeway Transport*, 294 Or 319, 323, 656 P2d 919 (1982). Claim preclusion thus prevents: (1) the same plaintiff from suing the same defendant, (2) regarding the same transaction, (3) seeking an additional or alternative remedy. The policy goals behind the rule of claim preclusion are to achieve a final conclusion of a dispute and to prevent the splitting of

a dispute into separate controversies. *Drews*, 310 Or at 141. To determine whether plaintiffs' petition for a statutory way of necessity is barred by claim preclusion, we must compare their earlier action for a prescriptive easement with this proceeding.

An easement is a "nonpossessory interest in the land of another which entitles the holders of an interest in the easement to a private right of way, embodying the right to pass across another's land." ORS 105.170(1). To obtain a prescriptive easement, a plaintiff must show use of the land as though it were an easement for ten years in an open and notorious manner that is continuous and adverse to the rights of the servient owner. *Thompson v. Scott*, 270 Or 542, 546, 528 P2d 509 (1974). The plaintiff must wait the ten-year period until the easement is "ripe" and then file a private action in civil court against the servient owner. An action for prescriptive easement can be defeated by proof that the plaintiff's use of the land was permissive. *See Nice*, 137 Or App at 625 (plaintiffs' claims defeated by permissive use). A prescriptive easement may terminate if the person who was granted the easement manifests an intent permanently to abandon the easement. *Powers v. Coos Bay Lumber Co.*, 200 Or 329, 398, 263 P2d 913 (1954). It also may terminate by prescription when the owner of the servient estate uses the land constituting the easement adversely to the dominant estate for a period of ten years. *Horecny v. Raichl*, 280 Or 405, 408, 571 P2d 495 (1977).

By contrast, a statutory way of necessity as established under ORS 376.150 to ORS 376.200, has been described as analogous to eminent domain proceedings, *Pike v. Wyllie*, 100 Or App 120, 132, 785 P2d 764, *rev den* 310 Or 121 (1990) (Rossman, J., dissenting), because a way of necessity is open to the public, *Schoenemann v. Meyer*, 78 Or App 89, 92, 715 P2d 100, *rev den* 301 Or 165 (1986); *Chapman v. Perron*, 69 Or App 445, 449, 685 P2d 492 (1984), and can be vacated only with the consent of the county in which it is located. ORS 376.190(2). As explained earlier, ORS 376.155 *et seq* requires a party seeking a way of necessity to file a petition with the county governing body, ORS 376.155(1), unless that governing body has transferred jurisdiction to the circuit court pursuant to ORS 376.200. The county governing body is

responsible for investigating the petition, determining whether the way of necessity should be granted and recommending the appropriate route through the subject property. ORS 376.160(2)(b) and (d). The way of necessity need not be located where the petitioner proposes. The county may determine that a different way over different property is more appropriate. ORS 376.175(2)(c). If a different route is selected, the statute provides for notification and "joinder" of an additional party or parties. ORS 376.160(3)(b); *see Morgan v. Hart*, 325 Or 348, 352, 937 P2d 1024 (1997) (surveyor's report recommended against the plaintiff's route in favor of a route over land owned by defendant not originally joined). ORS 376.180 provides that a way of necessity shall:

"(8)   Not be established if the property for which the way of necessity is sought has an existing enforceable access to a public road;

"(9)   Not be established if the petitioner for the way of necessity could acquire an easement for access to a public road through other legal action[.]"

■         Based on our comparison of an action for a prescriptive easement and a petition for a statutory way of necessity, we disagree with defendants that the latter "is simply an additional or alternative means to obtain the same end" as the former. Unlike a private action for a prescriptive easement that, if successful, results in a property interest that runs with the land and constitutes a private right of way over the servient estate of another, a successful petition for a way of necessity creates public access to landlocked property through a route determined, owned and controlled by the county.

■         Claim preclusion would bar plaintiffs' petition for a way of necessity only if that process required them to sue the same defendants, regarding the same transaction, seeking an additional or alternative remedy. *Rennie*, 294 Or at 323. However, an action for a prescriptive easement and a petition for a way of necessity involve different legal processes, different parties, a different transaction and set of facts and have different legal consequences. Consequently, we agree with plaintiffs that the doctrine of claim preclusion does not bar this action, nor would it bar any way of necessity petition on

the basis of previous litigation of common-law claims. Because the doctrine of claim preclusion does not bar plaintiffs' petition, the trial court erred in granting defendants' motion for summary judgment.

Reversed and remanded.